**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8                IN THE UNITED STATES DISTRICT COURT
9          FOR THE NORTHERN DISTRICT OF CALIFORNIA
10
11   CORNELIUS LOPES,                      No. C 06-03705 CRB
12          Plaintiff,                     **MEMORANDUM AND ORDER**
13     v.
14   JOSEPH DALE WREN, et al.,
15          Defendants.
                                        /
16
17          While jogging one morning in June 2004, plaintiff collided with a bicyclist
18   participating in a bicycle race in Newark, California.  A few weeks later plaintiff was
19   arrested for intentionally causing the accident, although he was never convicted of the
20   charges.  In this section 1983 action, plaintiff, proceeding pro se, challenges his arrest.  The
21   Court has previously dismissed plaintiff's claims against the District Attorney defendants.
22   Now pending before the Court is the motion for summary judgment of the police officer and
23   City defendants: Officer Joseph Daly Wren, Officer Badge 56, City of Newark and Newark
24   Police Department.  After carefully considering the papers and evidence filed by the parties,
25   and having had the benefit of oral argument, defendants' motion for summary judgment is
26   GRANTED.
27   //
28   //

**United States District Court**
For the Northern District of California

## FACTUAL BACKGROUND

At approximately 8:20 a.m. on June 12, 2004, Newark Police Officers Joseph Wren ("Officer Wren") and Farley were dispatched to investigate an accident involving a pedestrian and a bicyclist at the Eureka Circle Course in Newark, California.  When Officer Wren arrived at the scene, he noticed that the roadway had been closed for a bicycle race. Officer Wren noticed that plaintiff Cornelius Lopes, with a mangled face, was sitting on the curb.  Lopes told Officer Wren that he was confused about what had happened, but confirmed that he had been running in the roadway in the opposite direction of the bicycle racers.  Lopes made no other statements to Officer Wren and was eventually transported by ambulance to Washington Hospital.  Prior to this incident, Officer Wren had never met nor heard of plaintiff Lopes.

Officer Wren spoke to various witnesses at the scene.  Byron Sheppard reported that he had been directly behind the bicyclist that collided with Lopes and that he had observed Lopes run directly into the group of bicyclists and hold his right arm out to the side, level to the ground, and strike the bicyclist in the middle of the chest.  Officer Wren also spoke with bicyclist Bob Parker, the bicyclist that collided with Lopes.  Parker stated that he did not see Lopes prior to the accident.  Another bicyclist who was involved in the accident did not see or hear what caused the collision.

Officer Wren also spoke with Jason Sage.  Sage reported that Lopes had been warned to stay off the roadway and that Sage had been told that on one occasion Lopes had responded something to the effect of "F__You Jew."

The next day Officer Wren spoke with Lopes.  Lopes denied that he had warned him to stay off the course.  He also denied that he had argued with any of the bicyclists or stuck his arm out while jogging to interfere with the bicyclists.  Later that day, Lopes faxed a written statement to Officer Wren.

According to Officer Farley's police report, upon his arrival at the scene Officer Farley spoke with witness Peter Rosa.  Rosa reported that Lopes had intentionally collided with the bicyclists.

United States District Court
For the Northern District of California

On June 14, 2004, Officer Wren prepared a written police report that included the above information, as well as Lopes' written statement. Officer Wren concluded that the report should be sent to the Alameda County District Attorney for review and filing of "PC 242" (battery) charges against Lopes. Officer Wren concluded: "Victims, Parker and Rath believe this Act was intentional on Lopes behalf. They requested that a report covering the details of this incident be sent to the DA's office."

The District Attorneys' Office subsequently asked the Newark Police Department to obtain further information. In connection with this further investigation, witness Jason Sage sent Officer Wren additional written witness statements and a CD. Several of the witnesses asserted in their written statements that they had told Lopes to exit the bicycle course. In addition, witness Tim O'Hara asserted that when he politely asked Lopes to leave the course, Lopes responded: "F___ You, Jew." Officer Wren submitted both the written statements and the CD to the District Attorney's Office.

On July 6, 2004, the District Attorney's Office asked Officer Wren to locate the bicyclist that had collided with Lopes. Officer Wren produced a second supplemental report identifying Bob Parker as the struck bicyclist. Officer Wren's submission of the supplemental report ended his participation in the case. He never met nor spoke with any District Attorney's Office representative concerning whether to file charges against Lopes or issue an arrest warrant.

On July 15, 2004, Alameda County Deputy District Attorney Lisa Faria asked Newark Police Sergeant Robert Douglas to author a "Declaration in Support of Arrest and/or Issuance of Warrant of Arrest" ("Declaration") to accompany the District Attorney's criminal complaint for an arrest warrant against Lopes. Prior to the request from Faria, Sergeant Douglas had never met nor spoken with a representative of the District Attorney's Office concerning whether to file charges against Lopes. Sergeant Douglas read the criminal complaint and Officer Wren's police report with supplements and concurred that probable cause existed to arrest Lopes. Accordingly, he prepared and signed the Declaration. Once he submitted the Declaration, his involvement with Lopes' case ended.

United States District Court
For the Northern District of California

1    On July 16, 2004, a criminal complaint and arrest warrant were issued charging Lopes

2  with misdemeanor battery arising from the June 12, 2004 collision.  Lopes was not convicted

3  of the charges.

4                                   **PROCEDURAL HISTORY**

5    Lopes, proceeding pro se, subsequently filed this section 1983 action against certain

6  Alameda County District Attorney's Office defendants, as well as Officer Wren, the City of

7  Newark, the Newark Police Department and the Newark Police Union.  Upon the filing of a

8  motion to dismiss, the Court dismissed the claims against the District Attorney defendants on

9  the ground of absolute prosecutorial immunity and failure to state a claim.

10    The remaining served defendants have now moved for summary judgment.  As

11  plaintiff is proceeding without the benefit of a lawyer it is difficult to discern the exact nature

12  of his claims.  In his "Amended Motion for Plaintiffs' Memorandum of Points and

13  Authorities In Support of Motion for Summary Judgment" filed June 8, 2007, which the

14  Court considers as an opposition to defendants' motion, plaintiff identifies several "claims."

15    In "Claim 1" Lopes appears to contend that Officer Wren's inclusion of the "F___

16  You, Jew" statement his police report violates the Establishment Clause.  Plaintiff's June 8,

17  2007 Memorandum ("Plaintiff's Memorandum") at p. 1.  "Claim 2" contends that Wren

18  conspired with others to obtain plaintiff's arrest warrant without probable cause.  Id. at 8.  In

19  "Claim 3" Lopes alleges that Officer "Wren recklessly published false information of a crime

20  and put it into judicial records with disregard for its truth and falsity that the plaintiff had

21  struck a cyclist."  Id. at 12.  Plaintiff's opposition identifies his claim 4 as "Count 4."  Count

22  4 contends that his due process rights were violated because the CD Officer Wren received

23  included photographs that showed that plaintiff had not committed battery.  In Count 5 he

24  contends that Officer Badge #56 "negligently prepared and signed his signature to the

25  Declaration in Support of Arrest."  Id. at 20.  Plaintiff must be referring to Sergeant Douglas

26  who signed the Declaration, although Sergeant Douglas does not carry Badge #56.  Claim 7

27  and claim 10 allege that the Newark Police Department and the City of Newark negligently

28  trained Officer Wren and Sergeant Douglas (erroneously referred to as Badge #56).  Claims 8

4

1    and 9 are omitted from the opposition; these may be the dismissed claims against the

2    prosecutors.

United States District Court
For the Northern District of California

3                              **SUMMARY JUDGMENT STANDARD**

4          A principal purpose of the summary judgment procedure is to isolate and dispose of

5    factually unsupported claims.  Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).  A

6    party moving for summary judgment that does not have the ultimate burden of persuasion at

7    trial (usually the defendant) has the initial burden of producing evidence negating an

8    essential element of the non-moving party's claims *or* showing that the non-moving party

9    does not have enough evidence of an essential element to carry its ultimate burden of

10   persuasion at trial.  Nissan Fire & Marine Ins. Co. v. Fritz Cos., 210 F.3d 1099, 1102 (9th

11   Cir. 2000).

12         If the moving party does not satisfy its initial burden, the non-moving party has no

13   obligation to produce anything and summary judgment must be denied.  If, on the other hand,

14   the moving party has satisfied its initial burden of production, then the non-moving party

15   may not rest upon mere allegations or denials of the adverse party's evidence, but instead

16   must produce admissible evidence that shows there is a genuine issue of material fact for

17   trial.  Nissan Fire & Marine Ins. Co., 210 F.3d at 1102.  A genuine issue of fact is one that

18   could reasonably be resolved in favor of either party.  A dispute is "material" only if it could

19   affect the outcome of the suit under the governing law.  Anderson v. Liberty Lobby, Inc., 477

20   U.S. 242, 248-49 (1986).

21         At the case management conference held on January 12, 2007, the Court gave plaintiff

22   a copy of the pro se litigant's summary judgment warning.  The warning specifically advised

23   plaintiff of his burden in responding to a motion for summary judgment.

24                                      **DISCUSSION**

25   **A.      Establishment Clause Claim (Claim 1)**

26         Plaintiff's Establishment Clause claim fails as a matter of law.  First, it appears to be a

27   new claim and plaintiff has not and will not be given leave to file a Fifth Amended

28   Complaint.  Second, it fails as a factual matter as there is no dispute that Officer Wren was

**United States District Court**
For the Northern District of California

1   told that plaintiff had used the contested phrase.  Third, even if Lopes never uttered the

2   challenged phrase, including the statement in Officer Wren's police report does not violate

3   the Establishment Clause as a matter of law.

4   **B.      Conspiracy to obtain warrant without probable cause (Claim 2)
            Due process (Count 4)**

5   **         Negligent preparation of declaration in support of warrant (Count 5)**

6          Claim 2, Count 4 and Count 5 all derive from plaintiff's contention that there was not

7   probable cause to charge him with misdemeanor battery.  Plaintiff's claims fail as a matter of

8   law because it is undisputed that the District Attorney filed misdemeanor battery charges

9   against plaintiff.  As the Ninth Circuit has explained:

10          Ordinarily, the decision to file a criminal complaint is presumed to result from
            an independent determination on the part of the prosecutor, and thus, precludes

11          liability for those who participated in the investigation or filed a report that
            resulted in the initiation of proceedings.  However, the presumption of

12          prosecutorial independence does not bar a subsequent § 1983 claim against
            state or local officials *who improperly exerted pressure on the prosecutor,*

13          *knowingly provided misinformation to him, concealed exculpatory evidence, or*
            *otherwise engaged in wrongful or bad faith conduct that was actively*

14          *instrumental in causing the initiation of legal proceedings.*

15   Awaby v. Adelanto, 368 F.3d 1062, 1067 (9th Cir. 2004) (emphasis added).

16          Plaintiff offers no evidence whatsoever that Officer Wren, Sergeant Douglas, or any

17   member of the Newark Police Department exerted any pressure, let alone improper pressure,

18   on the prosecutor.  Nor is there any evidence from which a reasonable jury could find that

19   Officer Wren or Sergeant Douglas knowingly provided false information to prosecutors or

20   concealed exculpatory evidence; to the contrary, the undisputed evidence is that Officer

21   Wren's police report accurately reflects what he was told during his investigation.  In

22   addition, the evidence is undisputed that Officer Wren provided the allegedly exculpatory

23   CD to the District Attorney's Office.  Plaintiff also offers no evidence to support his apparent

24   contention that the police officers conspired with private parties to deprive him of his due

25   process rights.  Accordingly, defendants are entitled to judgment on the above claims.

26   //

27   //

28   //

6

**United States District Court**
For the Northern District of California

**C.      Publishing false information in the police report and judicial records (Claim 3)**

Plaintiff's "libel in public documents" claim, to the extent it differs from his due process claim, also fails as a matter of law. First, there is no evidence that the police officer defendants knowingly included any false information in their reports or the Declaration.

Second, "[i]n order to maintain a cognizable § 1983 claim based on defamation, a plaintiff must demonstrate the loss of a property or liberty interest rooted in the constitution in conjunction with injury to reputation." <u>Crowe v. County of San Diego</u>, 303 F.Supp.2d 1050, 1111 (S.D. Cal. 2004). "As the Ninth Circuit has explained, a § 1983 claim for defamation-plus may be proved either by demonstrating that the plaintiff suffered an injury to reputation that was inflicted in connection with the violation of a federally protected right or by demonstrating that the plaintiff's injury to reputation caused the denial of a federally protected right." <u>Id.</u> (citation omitted). Plaintiff has identified neither, let alone produce evidence that would support a finding by a reasonable jury that he had suffered such an injury.

**D.      Negligent training claims**

Since plaintiff's claims against the police officers fail, it follows that his claims against the City of Newark and the Newark Police Department for negligent training of the officers also fail. Moreover, plaintiff offers no evidence as to the training provided and does not even explain what training the officers should have received.

**E.      Police union defendant**

Plaintiff also named the "Newark Police Union" as a defendant and has recently filed a motion for summary judgment. Plaintiff claims that the Union has violated the Establishment Clause. As the Union is not a government entity, the Establishment Clause does not apply as a matter of law; accordingly, the Court will dismiss the claims against the Union with prejudice.

//

//

//

7

1

**CONCLUSION**

2        For the reasons stated above, defendants' motion for summary judgment on all of the

3  claims against them is GRANTED.  In addition, the claims against the Police Union are

4  dismissed with prejudice.

5        **IT IS SO ORDERED.**

6

7  Dated: June 25, 2007                                    _____

                                                          CHARLES  R. BREYER
8                                                         UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California